# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| R. H., BY AND THROUGH HIS FATHER AND LEGAL GUARDIAN AKRAM HASSAN, *Plaintiff* § § § § § | |
| v. § | No. 1:25-CV-01900-RP |
| § TEXAS HEALTH & HUMAN SERVICES COMMISSION (HHSC), UNITEDHEALTHCARE COMMUNITY PLAN (UHC), *Defendants* § § § § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff R.H.'s complaint, Dkt. 1, motion for temporary restraining order, Dkt. 1, application to proceed *in forma pauperis*, Dkt. 2, and motion for permission to effect personal service, Dkt. 4. The District Judge referred the motions to the undersigned. After reviewing the filings and relevant law, the undersigned grants R.H.'s application to proceed *in forma pauperis*, denies as moot R.H.'s motion to effect personal service, and recommends that the District Judge deny R.H.'s motion for a temporary restraining order.

1

### I.   MOTION TO PROCEED *IN FORMA PAUPERIS*

The undersigned has reviewed R.H.'s financial affidavit and determined that he is indigent and should be granted leave to proceed *in forma pauperis*, without prepayment of fees.

Accordingly, the Court hereby **ORDERS** R.H.'s request to proceed *in forma pauperis*, Dkt. 2, is **GRANTED**. The Clerk of the Court shall file R.H.'s complaint without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). R.H. is further advised, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court **FURTHER ORDERS** the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process, including service of R.H.'s complaint upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure. Because the Court orders the United States Marshal to commence service of process, the Court **DENIES** R.H.'s motion to effect personal service, Dkt. 4, as **MOOT**.

Because R.H. has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under §1915(e)(2). After reviewing R.H.'s complaint, the court has determined that this case should not be

dismissed as frivolous at this time. However, the Court cautions R.H. that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). R.H. is further advised that, although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against him at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   TEMPORARY RESTRAINING ORDER

R.H. moves for a temporary restraining order ("TRO"), explaining that R.H. suffers from severe autism, developmental delay, inability to express pain, and high elopement risk, and that his family is unable to meet his needs. Dkt. 1-5, at 1.[1] R.H. alleges that Defendants have denied medically necessary services to R.H. since September 2024. *Id.* According to R.H., if he does not receive benefits, he will face risk of physical harm or injury, a high chance of elopement, and lack of supervision. *Id.*

Federal courts may issue a TRO without notice to the nonmovant only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the nonmovant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Because Defendants have allegedly denied R.H. benefits since September 2024, the undersigned cannot

---

[1] Under Local Rule CV-65, R.H. was required to file his application for a temporary restraining order in an instrument separate from the complaint. Nonetheless, as explained in this report, the application should be denied on its merits.

conclude that R.H. has shown that immediate and irreparable injury will result to him before Defendants can be heard in opposition. Accordingly, the undersigned **RECOMMENDS** that the District Judge deny R.H.'s motion for a TRO.

The referral of this case to the Magistrate Judge should now be canceled.

SIGNED December 2, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE